UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
........................................................
UNITED STATES OF AMERICA,

VS.

EDUARD YUSUPOV

........................................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 31 2006 ★
BROOKLYN OFFICE

JUDGMENT INCLUDING SENTENCE

NO.  CR 05-246(S-1)-01(JG)
USM#  63535-053

| Gurbir S. Grewal | Burt Sulzer | JOHN Jacob Riech, Jr., Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Eduard Yusupov** having pled guilty to count one and three of the superseding information accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| 18USC371 | CONSPIRACY TO DEAL IN COUNTERFEIT CURRENCY | ONE |
| 18USC371 | CONSPIRACY TO INFRINGE COPYRIGHTS AND TRAFFIC IN COUNTERFEIT GOODS | THREE |

    The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

___     The defendant is advised of his/her right to appeal within ten (10) days.
___     The defendant has been found not guilty on count(s) and discharged as to such count(s)
**X**     **Open counts are dismissed on the motion of the United States.**
___     The mandatory special assessment is included in the portion of Judgment that imposes a fine.
**X**     **It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due immediately.**

    It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

MAY 25, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.
Date of signature  5/30/06
A TRUE COPY ATTEST
DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __THIRTY-SEVEN (37) MONTHS ON EACH OF COUNTS ONE AND THREE TO RUN CONCURRENTLY.__

___ The defendant is remanded to the custody of the United States Marshal.

**X** **The Court recommends that the defendant be designated to a correctional facility as close as possible to the New York Metropolitan area, and that the defendant be designated to same facility as his brother Pinchas Yusupov, if consistent with the Bureau of Prison policy.**

___ T he defendant shall surrender to the United States Marshal for this District.

**X** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    **X** -12:00 noon. **8/4/06** .
    _X As notified by the United States Marshal.
    _ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

United States Marshal

By:_____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS ON EACH OF COUNTS ONE AND THREE TO RUN CONCURRENTLY.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

**The defendant is prohibited from possessing a firearm.**

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

THE DEFENDANT SHALL COMPLY WITH THE PRELIMINARY ORDER OF FORFEITURE ( A COPY ATTACHED); MAKE FULL FINANCIAL DISCLOSURE AS DIRECTED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AND PARTICIPATE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPT; TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT. THE DEFENDANT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND /OR ALCOHOL. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFENDANT'S ABILITY TO PAY AND THE AVAILABILITY OF THIRD PARTY PAYMENT. THE DEFENDANT SHALL SUBMIT HIS PERSON, RESIDENCE, PLACE OF BUSINESS, VEHICLE, OR ANY OTHER PREMISES UNDER HIS CONTROL TO SEARCH ON THE BASIS THAT THE PROBATION OFFICER HAS REASONABLE BELIEF THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITIONS OF THE RELEASE MAY BE FOUND; THE SEARCH MUST ALSO BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

| COUNT | FINE | RESTITUTION |
|---|---|---|
| ONE AND THREE | $6,000.00 | |

### TO BE PAID WITHIN 90 DAYS

---

### RESTITUTION

____The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

____The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**TOTALS:**_____
Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

EK:GSG
F.#2005R00368

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

PINCHAS YUSUPOV and
EDUARD YUSUPOV,

          Defendants.

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

05 CR 246 (S-1) (JG)

       WHEREAS, the defendants EDUARD YUSUPOV and PINCHAS YUSUPOV were charged in a Superseding Information (the "Information") with Conspiracy to Deal in Counterfeit Currency, Dealing in Counterfeit Currency, and Conspiracy to Infringe Copyrights and Traffic in Counterfeit Goods;

       WHEREAS, in the Information, the United States of America sought forfeiture of certain property of the defendants EDUARD YUSUPOV and PINCHAS YUSUPOV, pursuant to 18 U.S.C. § 982(a)(2) and 21 U.S.C. § 853(p);

       WHEREAS, on or about October 20, 2005, the defendants EDUARD YUSUPOV and PINCHAS YUSUPOV pleaded guilty to Counts One and Three of the above-captioned Information alleging conspiracies to deal in counterfeit currency and to infringe copyrights and traffic in counterfeit goods respectively;

WHEREAS, pursuant to their respective plea agreements, the defendants EDUARD YUSUPOV and PINCHAS YUSUPOV agreed to the entry of a forfeiture money judgment in the amount of one hundred thousand dollars and no cents ($100,000.00) in United States currency ("Forfeiture Money Judgment"). Defendants agreed to the forfeiture of the following vehicles (the "Forfeited Vehicles"):

(a) one 1995 green BMW 325i bearing VIN WBACB4327SFM25546; and

(b) one 1995 Mercury Grand Marquis bearing VIN 2MELM74WXSX622729 seized by law enforcement officers from him on or about April 5, 2005

Defendants also agreed to forfeit the following items seized from their business, Coming Attractions Video, located at located at 87-79 Parsons Boulevard, Queens, New York, on April 5, 2005, (the "Forfeited Equipment"):

(a) 628 counterfeit digital video discs;

(b) 7 computer processing units;

(c) 1 computer monitor;

(d) 1 computer scanner;

(e) 1 computer laptop;

(f) 1 digital video disc player;

(g) 2 computer printers; and,

(h) 3 boxes of blank digital video discs.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The defendants shall forfeit all of their right,

title and interest in the Forfeiture Money Judgment, the Forfeited Vehicles, and the Forfeited Equipment.

2. The defendants agree that $10,000 of the Forfeiture Money Judgment shall be due on or before the date of their guilty pleas and the balance of the Forfeiture Money Judgment shall be due on or before the date of sentencing (the "Due Date"). Interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest from the Due Date.

3. In partial satisfaction of the Forfeiture Money Judgment, the defendants shall forfeit to the United States any and all of their right, title and interest in approximately twenty-one thousand, four hundred and sixteen dollars, and no cents ($21,416.00) in United States currency, more or less, seized by law enforcement officers from them on or about April 5, 2005. In addition, in partial satisfaction of the Forfeiture Money Judgment, the defendants agree to refinance the real property and premises located at 81-44 167th Street, Jamaica, New York 11432 (the "Queens Property"), which is currently owned by them. The defendants consent to the immediate filing of a <u>lis pendens</u> by the United States against the Queens Property, which is currently owned by the defendants. No contract of sale or refinancing in connection with the Queens Property may be entered into by the defendants without the prior written approval by the United States Attorney's Office for the Eastern District of New

3

York, which approval shall include not only the selling price or refinancing agreement, but also all fees and costs connected with the sale or refinancing. Any proceeds from such sale or refinancing, after payment of any approved liens, fees and expenses, shall be applied to any unpaid portion of the Forfeiture Money Judgment and thereafter, any excess proceeds shall be paid to the title owners of the property. The Forfeiture Money Judgment operates as a fully enforceable lien against the Queens Property to the extent that it remains unsatisfied. The United States Attorney's Office shall be notified of the date of any closing for any such sale or refinancing. The defendants shall have the proceeds from such sale or refinancing, less the approved liens, fees and expenses, made payable to the United States Marshals Service, as set forth below. The defendants shall make all payments to satisfy the Forfeiture Money Judgment by certified or bank check, payable to the U.S. Department of the Treasury and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Gurbir S. Grewal, United States Attorney's Office, Eastern District of New York, 1 Pierrepont Plaza, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

4. Upon entry of this Order, the United States Attorney General or designee is authorized to seize any monies paid toward the Forfeiture Money Judgment, the Forfeited

4

Vehicles, and the Forfeited Equipment, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of: (a) the $21,416.00 in United States currency, more or less, seized by law enforcement officers from the defendants on or about April 5, 2005; (b) the Forfeited Vehicles; and (c) the Forfeited Equipment in such a manner as the Attorney General or his designee may direct.

6. The defendants shall not file a claim to: (a) the $21,416.00 in United States currency, more or less, seized by law enforcement officers from the defendants on or about April 5, 2005; (b) the Forfeited Vehicles; or (c) the Forfeited Equipment. Nor shall the defendants assist any person in filing such a claim. Any person, other than the defendants, asserting a legal interest in (a) the $21,416.00 in United States currency, more or less, seized by law enforcement officers from the defendants on or about April 5, 2005; (b) the Forfeited Vehicles; or (c) the Forfeited Equipment may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier,

petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. The United States shall have clear title to: (a) the $21,416.00 in United States currency, more or less, seized by law enforcement officers from the defendants on or about April 5, 2005; (b) the Forfeited Vehicles; and (c) the Forfeited Equipment following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

11. The Clerk of the Court is directed to send, by

inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Gurbir S. Grewal, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated:     Brooklyn, New York
           _____May 25_____, 2006

                              _____s/John Gleeson_____
                              HONORABLE JOHN GLEESON
                              UNITED STATES DISTRICT JUDGE